UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARICELA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-87 |
| | § | |
| SANDOZ INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered the following two motions:

- Defendants' Motion to Dismiss or, in the Alternative, Motion to Sever ("Motion to Dismiss") filed by (1) Sandoz Inc., (2) Novartis Pharmaceuticals Corp., (3) Alza Corp., (4) Ortho-McNeil-Janssen Pharmaceuticals, Inc., (5) Cephalon, Inc., (6) Michael Tschickardt, M.D., and (7) Coastal Bend Pain Management, (D.E. 21), and

- Defendants' Motion for Severance and Remand ("Motion to Remand") filed by (1) Michael Tschickardt, M.D., and (2) Coastal Bend Pain Management Motion, P.A., (D.E. 23).

For the reasons discussed below, the Court DENIES Defendants' Motion to Dismiss (D.E. 21) and GRANTS the Motion to Remand (D.E. 23) and REMANDS the action pursuant to 28 U.S.C. § 1447(c) to the County Court at No. 1 of Nueces County, Texas where it was originally filed and assigned Cause No. 09-62009-1-CV.

I.      **Factual and Procedural Background**

Plaintiff Maricela Garcia, a Texas citizen and the biological mother of decedent April Hernandez, originally brought this wrongful death suit in state court on October 19, 2009 against

the following defendants: (1) Sandoz Inc., (2) Novartis Pharmaceuticals Corp., (3) Alza Corp., (4) Ortho-McNeil-Janssen Pharmaceuticals, Inc., (5) Cephalon, Inc., (6) Cima Labs, (7) Janssen Pharmaceutica Products LLP, (8) Janssen Pharmaceutica, Inc., (9) Michael Tschickardt, M.D., and (10) Coastal Bend Pain Management. (D.E. 1, Exh. B-1.) The only defendants who are Texas citizens are Michael Tschickardt, M.D., and Coastal Bend Pain Management ("Texas Defendants"). (Id.) Plaintiff claims that April Hernandez's death on October 19, 2007, was caused by prescriptions to pain medication. (Id. at 7.)

A notice of removal was filed on March 23, 2010 by Defendants Sandoz, Inc., Novartis Pharmaceuticals Corp., ALZA Corp., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Cephalon, Inc., ("Pharmaceutical Defendants"). Just prior to the removal, the Texas Defendants filed in state court a motion to dismiss Plaintiff's claims against them for failure to serve on them an expert report detailing their liability as required by the Texas law. (D.E. 1, p. 3.)

After the case was removed to this Court, the Defendants filed a Motion to Dismiss, requesting that this Court dismiss Plaintiff's claims against the Texas Defendants or sever and remand the Plaintiff's Claims against the Texas Defendants. (D.E. 21.) The Texas Defendants filed a separate Motion to Remand, requesting that this Court sever and remand Plaintiff's claims against the Texas Defendants or remand the case in its entirety. (D.E. 23, p. 2.)

**II.     Discussion**

    **A.     General Removal Principles**

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper.

See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

### B.     Improper Joinder

A district court may disregard the defendant's citizenship if the defendant is fraudulently joined in the action. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-573 (5th Cir. 2004). The burden is on the removing party "to prove that the joinder of the in-state parties was improper--that is, to show that sham defendants were added to defeat jurisdiction." Id. at 575. "[T]he burden of proving fraudulent joinder is a heavy one." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914).

The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (internal citations and quotation marks omitted).

### 1.     This Court Lacks Diversity Jurisdiction Over This Case

In this action, complete diversity is lacking because Plaintiff and Defendants Dr. Tschickardt and Coastal Bend Pain Management Consultants, P.A., are Texas citizens. (D.E. 1, Exh. B-1, p. 6.) The Pharmaceutical Defendants argue this Court should disregard the Texas Defendants' citizenship because "Plaintiff improperly joined the [Texas Defendants] to defeat diversity jurisdiction." (D.E. 10, p. 2; D.E. 21, p. 3.) Specifically, the Pharmaceutical Defendants contend that Plaintiff cannot recover against the Texas Defendants because Plaintiff has not served "these defendants with expert reports implicating the conduct alleged within 120 days" of filing suit as required by Texas Civil Practice and Remedies Code ("Texas Code") section 74.351(a). (D.E. 10, p. 2; D.E. 21, p. 3-4.)

According to the Texas Code, a claimant in a health care liability claim must serve an expert report "not later than the 120th day after the date the original petition was filed . . . on each party or the party's attorney." Tex. Civ. Prac. & Rem. Code § 74.351(a). Failure to serve this expert report "shall" result in the dismissal of plaintiff's claim. Id. § 74.351(a)-(b). A statutory exception to the 120 day service requirement is that "[t]he date for serving the report may be extended by written agreement of the affected parties."[1] Id. § 74.351(b). Under this provision, Texas appeal courts have tolled the 120 day limit when there may have been an agreement to extend the deadline. Lim v. West, 2008 Tex. App. LEXIS 8065 (Tex. App. Oct. 23, 2008) (affirming trial courts denial of a motion to dismiss for failure to serve an expert report because "[a]bsent a sufficient record, we cannot dispense with the presumption that the trial court found all facts necessary to support its ruling") (citing BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002)).

---

[1] It is clear from the record that the Pharmaceutical Defendants were aware of this exception. Their Notice of Removal states that "[a]bsent an agreement between the parties before the expiration of 120 days, there are no exceptions to this rule and no way to cure the defect.". (D.E. 10, p. 8 (emphasis added).)

While the Pharmaceutical Defendants are correct that Plaintiff's failure to serve the Texas Defendants in 120 days with an expert report may result in dismissal, the mere possibility of dismissal is not enough to prove fraudulent joinder. Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914) ("Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice."). For removal, the defendant must "demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."  Smallwood, 385 F.3d at 573.

The Texas Defendants remain a part of this action because the State Court has not dismissed the claims against the Texas Defendants. (D.E. 23, Exh. 1 at 6.) In fact, only "a day before [the] hearing for [the] Motion to Dismiss was [to be] heard, the Pharmaceutical Defendants filed a Notice of Removal." (Id. at 4.) Because the Pharmaceutical Defendants removed this case before the state court ruled on the motion to dismiss, parties were prevented from receiving a hearing where they could provide evidence about whether Plaintiff and the Texas Defendants entered into an agreement to extend the expert service deadline. Without the state courts ruling on the Motion to Dismiss, it is unclear whether Plaintiff can recover against the Texas Defendants. In a removal action, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)). Thus, the Pharmaceutical Defendants have not "demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[2]  Smallwood, 385 F.3d at 573.

---

[2] In fact, this holding is further supported by the Texas Defendants' Motion to Remand. (D.E. 23.) The Texas Defendants emphasize that they are still active parties in this action. (Id. Exh. 1.) The Texas Defendants admit to treating and caring for April Hernandez and that the Plaintiff alleges they "were negligent in providing [that] care." (Id. Exh. 1 at 1.) In response to these allegations, the Texas Defendants filed separate answers on December 22,

The Pharmaceutical Defendants have not met their heavy burden of proving fraudulent joinder. McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004) ("[T]he burden of proving fraudulent joinder is a heavy one."). Because the Pharmaceutical Defendants have failed to show complete diversity, this Court must remand this action. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 531 (5th Cir. 2006) (finding that "[b]ecause [the Plaintiff] and the health care defendants are citizens of Texas, there is not complete diversity of citizenship [and that] [f]ederal jurisdiction also is barred by the fact that the health care defendants are citizens of the state in which the action is brought."); Lott v. Dutchmen Mfg., Inc., 422 F.Supp.2d 750, 752 (E.D. Tex. 2006) (citing Manguno, 276 F.3d at 723).

### C.   Severance of Parties is Not Appropriate in this Action

Both the Motion to Remand and Motion to Dismiss asks this Court to sever and remand Plaintiff's claims against the Texas Defendants. (D.E. 21; D.E. 23.) The Texas Defendant's Motion to Remand asks, in the alternative, for remand of the entire case. (D.E. 23 p. 2.) Federal Rule of Civil Procedure 21 allows a court "at any time, on just terms, add or drop a party." Fed. R. Civ. Proc. 21 (emphasis added). See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832-33 (1989) (finding the FRCP "invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time").

A Court may determine that severance is improper if severance would cause prejudice and delay, decrease judicial economy, or fail to the safeguard principals of fundamental fairness. See Newman-Green, Inc., 490 U.S. at 829-30; Acevedo v. Allsup's Convenience Stores, Inc.,

---

2009. (Id. at 3.) The Texas Defendants, through their own admissions, are not "sham defendants . . . added to defeat jurisdiction." Smallwood, 385 F.3d at 575.

2010 U.S. App. LEXIS 5382, *10-11 (5th Cir. Mar. 15, 2010) (citing Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000), Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 574 n.11 (5th Cir. 1995), and Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 581 (E.D.N.Y. 1999)). In this case, Plaintiff's allegations against each Defendant arise from the death and allegedly improper medical treatment of April Hernandez. (D.E. 1, Exh. B-1.) If this case continues to trial, there will be significant overlap of both issues of law and fact for the claims against each Defendant. Severance would prejudice the parties by increasing litigation costs. Applewhite, 67 F.3d at 574 ("Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice."). Severance would also decrease judicial economy by requiring two separate adjudications, one in state court and one in federal court. Coleman, 232 F.3d at 1296 (finding that district court has discretion to weigh judicial economy when severing parties).

This Court therefore finds that the Texas Defendants should not be severed and this action should be remanded in its entirety. See Acevedo, 2010 U.S. App. LEXIS 5382 at *10-11 (finding that district courts have discretion when deciding whether to join or sever a party and they should consider judicial economy, prejudice and delay, and safeguarding principles of fairness in their analysis); Crockett, 436 F.3d at 531 (describing district court remand of a case "[b]ecause [Plaintiff] and the health care defendants [were] citizens of Texas [which destroyed] complete diversity [and where] there had been no fraudulent joinder").

### III.   Conclusion

For the reasons stated above, this Court determines that it does not have subject matter jurisdiction over the above-styled action. The Court hereby DENIES the Motion to Dismiss (D.E. 21), and GRANTS the Motion to Remand. (D.E. 23.) This case is hereby REMANDED

pursuant to 28 U.S.C. § 1447(c) to the County Court at No. 1 of Nueces County, Texas where it was originally filed and assigned Cause No. 09-62009-1-CV.

    SIGNED and ORDERED this 30th day of April, 2010.

                                                                             _____
                                                                                 Janis Graham Jack
                                                                  United States District Judge